STATE OF HAWAII, Plaintiff-Appellee *v.* GEORGE STEVEN SENTENO, Defendant-Appellant

NO. 11582

AND

STATE OF HAWAII, Plaintiff-Appellee, *v.* FRANK PETER GALLEGOS, Defendant-Appellant

NO. 11642

(CRIMINAL NO. 85-0166)

SEPTEMBER 9, 1987

LUM, C.J., NAKAMURA, PADGETT, HAYASHI
AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

Defendants-Appellants George Steven Senteno ("Senteno") and Frank Peter Gallegos ("Gallegos") (collectively "Appellants") appeal their convictions for conspiracy to promote a dangerous drug. Appellants claim the prosecutor's improper argument denied them a fair trial, and the jury rendered inconsistent verdicts. In addition, Gallegos contends he was deprived of a speedy trial and that the court failed to rule on his motion for judgment of acquittal at the close of the State's case. We find merit in none of Appellants' contentions and affirm the convictions.

I.

On September 19, 1985, George Senteno, Frank Gallegos, and David Peters were indicted for Criminal Conspiracy to Commit Promoting a Dangerous Drug in the First Degree in violation of Hawaii Revised Statutes ("HRS") §§ 705-520 and 712-1241(1)(b)(ii) (Count I), and Promoting a Dangerous Drug in the First Degree in violation of HRS § 712-1241(b)(ii) (Count II). Appellants' joint jury trial began on May 19, 1986.[1]

The State's case rested primarily upon the testimony of Nelson Colburn, an alleged co-conspirator, who had agreed to become a witness for the State pursuant to a plea agreement. Colburn testified that he encountered Senteno and Gallegos, both of whom he had known previously in California, on August 27, 1985 in Waikiki. Appellants invited Colburn to their suite at the Royal Hawaiian Hotel, where they met David Peters. Colburn was informed that the group planned to tour the islands to sell cocaine, and that the island of Kauai was to be the first stop. Sometime during the conversation, Senteno and Gallegos showed Colburn a bag containing approximately one ounce of cocaine.

The following day, August 28, 1985, Colburn, Senteno, Gallegos and Peters flew to Kauai. While they drove from the airport to their hotel, the group discussed their scheme to sell cocaine. They asked Colburn to participate in the effort, and told him the cocaine would be offered at $2,200 per ounce.

---

[1] David Peters is not a party to this appeal.

After the party checked into the hotel, Colburn asked the hotel security guard, Clyde Cox, whether he knew anyone interested in purchasing cocaine. Cox informed his supervisor and Kauai police that Colburn was attempting to sell cocaine. Later that evening, Cox told Colburn he had located prospective buyers, and they arranged to meet the next day.

The following day, Gallegos met Cox and confirmed the arrangement. Colburn, Senteno, Gallegos and Peters subsequently gathered in the hotel room to determine how much cocaine would be sold. A scale and a seal-a-meal device for weighing and packaging the cocaine were in the room at that time.

Earlier that day, Honolulu narcotics agents Gary Hartman and Gary Kim had arrived to assist Kauai police in an undercover operation. Cox introduced Colburn to the agents as prospective buyers and Colburn gave them a cocaine sample provided by Senteno. Agent Hartman said he would check the sample and contact Colburn later. Colburn returned to the hotel room alone.

When a field test verified the sample was cocaine, Agent Hartman called Colburn and said he was interested in purchasing about $10,000 worth of the drug. Colburn agreed to sell him three ounces and summoned Peters to the room to package the cocaine.

Shortly thereafter, the agents met Colburn and Peters in the hotel parking lot to consummate the sale. Peters and Colburn were arrested when they handed three ounces of cocaine to the agents.

The defense rested without presenting any witnesses. The jury found Appellants guilty of conspiracy, but not guilty of promoting a dangerous drug in the first degree. Appellants filed post-trial motions for judgment of acquittal and for a new trial. The court issued findings of fact, conclusions of law and an order denying both motions. This appeal followed.

## II.

Before trial, the court had suppressed all evidence obtained as a result of the search of Appellants' hotel room and safe deposit box. During closing argument, defense counsel for Gallegos argued to the jury that "[i]n the debris, in the pockets, in the room, where George Senteno and Frank Gallegos stayed, there was not one par-

cel of evidence suggested to you that any cocaine or any cocaine residue was found."

The following colloquy occurred during the State's rebuttal:

[Prosecutor]: Defense Counsel said that there was nothing in the room that ties in Gallegos and Senteno, and we haven't shown anything. I said there was a reason for that. Now, before the trial, there were hearings requested by the defense counsel, and the outcome of that hearing was that the State could not introduce —

[Defense Counsel]: Your Honor, —

THE COURT: This is improper argument, Mr. Castillo[.]

Appellants contend the court below erred in denying their motion for a new trial because the prosecutor's comment was so prejudicial as to deprive them of a fair trial. We disagree. In our view, the statement, though improper, was not prejudicial.[2]

In determining whether prosecutorial misconduct constitutes reversible error, we have considered the nature of the misconduct, the promptness of a curative instruction or lack of it, and the strength or weakness of the evidence against the defendant. *State v. Marsh*, 68 Haw. ___, ___, 728 P.2d 1301, 1303 (1986). In *Marsh*, we found that the defendant's rights were substantially prejudiced by the prosecutor's improper comments because of the particularly egregious conduct involved, the inconclusive state of the evidence, and the lack of a prompt jury instruction specifically directed to the improper remarks.

In this case, although the court instructed the jury before deliberation began that counsel's remarks are not evidence, a specific instruction directed at the prosecutor's closing remarks was neither sought nor given. However, we do not find the challenged remarks particularly egregious because the prosecutor was interrupted before making a specific reference to excluded evidence. Moreover, the evidence the prosecutor sought to bring out would have tended

---

[2] We note that defense counsel did not move for a mistrial. By not moving for a mistrial, defense counsel in effect gambled that if an unfavorable verdict was returned we would notice the violation. *State v. LaRue*, 68 Haw. ___, ___, 722 P.2d 1039, 1043 (1986). As we indicated in *LaRue*, we do not condone such tactics by trial counsel.

to implicate Appellants in the substantive charge of distributing a dangerous drug, of which they were acquitted.

We therefore find the prosecutor's comments did not prejudice Appellants. Hence, the lower court committed no error in denying the motion for a new trial.

### III.

Appellants assert the court erred in denying their motions for judgment of acquittal because the jury rendered inconsistent verdicts when it found them guilty of conspiracy and not guilty of the substantive offense. But we believe the verdicts are reconcilable with the relevant statutory provisions and the evidence adduced at trial.

Hawaii Revised Statutes ("HRS") § 705-520 (1985) defines criminal conspiracy:

A person is guilty of criminal conspiracy if, with intent to promote or facilitate the commission of a crime:

(1) He *agrees with one or more persons* that they or one or more of them will engage in or solicit the conduct or will cause or solicit the result specified by the definition of the offense; and

(2) He or another person with whom he conspired commits an overt act in pursuance of the conspiracy.

(Emphasis added). In the context of the substantive charge of promoting a dangerous drug (HRS § 712-1241), "[t]o distribute" means "to sell, transfer, prescribe, give, or deliver to another, or to leave, barter, or exchange with another, or to *offer or agree* to do the same." HRS § 712-1240 (1985) (emphasis added).

Appellants contend the jury's finding that Appellants committed conspiracy by agreeing to engage in the proscribed conduct cannot be reconciled with their finding that Appellants did not agree or offer to sell drugs. But the plain language of the relevant statutes defeats Appellants' argument.

The terms "offer or agree" contained in HRS § 712-1240 defining "to distribute" refer to offers or agreements made with respect to prospective *buyers.* In contrast, the conspiracy statute (HRS § 705-520) speaks in terms of agreements among *co-conspirators.*

Hence, the jury could reasonably find that Appellants conspired with others to distribute cocaine, but did not offer or agree to sell the drug to particular buyers.

The jury's verdicts are amply supported by, and consistent with, the evidence in the record. Colburn's testimony clearly established the elements of conspiracy and the record contains numerous examples of overt acts in furtherance of the conspiracy. Moreover, the acquittal of the substantive charge is consistent with the witnesses' testimony that neither Senteno nor Gallegos was present during the actual sale between the undercover agents and Colburn and Peters.

Because the verdicts are compatible with the relevant statutory language, and are consistent with the evidence presented at trial, they are not inconsistent. Thus, the court did not err in denying the motion for judgment of acquittal.

## IV.

Gallegos alone contends he did not receive a speedy trial and the charges against him should have been dismissed pursuant to Hawaii Rules of Penal Procedure ("HRPP") Rule 48(b). We find no merit in this contention.

HRPP Rule 48(b) provides in part: "Except in the case of traffic offenses, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within 6 months from: (1) the date of arrest[.]" Gallegos was arrested on August 29, 1985 and was brought to trial approximately nine months later on May 19, 1986.

HRPP Rule 48(c) describes periods which are excluded in computing the time for trial commencement. A review of the record reveals an excludable period of more than five months between Gallegos' arrest and the trial. The one-month delay attributable to local defense counsel's motion to withdraw as counsel was excluded under Rule 48(c)(1) as a pretrial motion concerning the defendant. Gallegos was without local counsel for nearly five months following the grant of counsel's motion to withdraw. Because trial could not proceed in the absence of trial counsel or a waiver of the right to counsel, this period was excluded under the "good cause" provision of subsection (c)(8). As a general rule, "good cause" means a sub-

stantial reason which affords a legal excuse. *State v. Estencion,* 63 Haw. 264, 267, 625 P.2d 1040, 1042 (1981).

The effective period between arrest and trial was approximately three months, and as such was clearly within the permissible bounds of Rule 48. We therefore conclude that the trial court committed no error in denying Gallegos' motion to dismiss.

V.

Finally, Appellant Gallegos contends the trial court improperly failed to rule on his motion for judgment of acquittal at the close of the prosecution's case. We disagree.

HRPP Rule 29(b) reads: "If a motion for judgment of acquittal is made at the close of the evidence offered by the prosecution, the court shall not reserve decision thereon." The court made the following response to Gallegos' motion: "In consideration of all of the circumstances, it appears, and there is no question that this entire case rests on the credibility of one, Nelson Colburn, the Court is reluctant to deny the motion and let's see what the jury will do."

We believe the court's ruling can reasonably be interpreted as a denial of the motion. By permitting the case to go to the jury, the court effectively denied the motion for judgment of acquittal.

The convictions are affirmed.

*Raymond G. Duvauchelle* for Defendant-Appellant Senteno.

*William H. Feldhacker* for Defendant-Appellant Gallegos.

*Randal G. Valenciano,* Deputy Prosecuting Attorney, for Plaintiff-Appellee State of Hawaii.