*365 OPINION OF THE COURT
Memorandum.
Order reversed upon the law and matter remanded for further proceedings.
Defendant, charged with operating a motor vehicle with inadequate brakes (Vehicle and Traffic Law § 375 [1]), brought a successful application in the court below to suppress evidence obtained from an inspection of his pickup truck following a fatal accident. The evidence at a Mapp hearing showed that there was a collision between the truck and a bicycle on Edge-mere Road in East Hampton on August 23, 1993. Defendant indicated to the police that the bicyclist, who did not survive the accident, had crossed the roadway and hit his vehicle in the northbound lane. The police impounded the truck and gave it to a mechanic employed by the town. When the mechanic’s inspection was completed two days later, the instant charge was brought against defendant.
We are of the view that the aforesaid seizure of defendant’s vehicle and the subsequent "search” revealing its defective brakes was, under the circumstances, reasonable (3 LaFave, Search and Seizure § 7.4 [h], at 39 [2d ed 1995 Pocket Part]). The police officers were merely carrying out a duty imposed upon them by statute. Vehicle and Traffic Law § 603 requires, "Every police * * * officer to whom an accident resulting in injury to a person shall have been reported * * * shall immediately investigate the facts, or cause the same to be investigated, and report the matter to the commissioner forthwith”. In the case at bar, the need to give a report of the facts of the accident, which resulted in a person’s death, made it both important and reasonable that the investigation be thorough to the extent of including an impoundment of the vehicle and a proper inspection of its brakes (see, Commonwealth v Mamacos, 409 Mass 635, 568 NE2d 1139 [1991]).
The burden of proof was on defendant to show that within the factual context, he had a legitimate expectation of privacy in the vehicle (supra; Rawlings v Kentucky, 448 US 98). It has been observed that "[i]n the interests of public safety * * * automobiles are frequently taken into police custody,” and that "[v]ehicle accidents present one such occasion” (South Dakota v Opperman, 428 US 364, 368). In the instant case, it could be readily understood why a "safety inspection” looking for anything that might constitute a malfunction in any part of the pickup truck was mandatory after an accident of such a *366 grave nature, to avoid the possibility of a repetition thereof (see, 3 LaFave, op. cit.).
We are not unmindful that one of the motives for the impoundment and inspection of the vehicle candidly expressed by the police at the hearing was to preserve what "might” be evidence of a crime and that "the so-called 'administrative search’ exception to the Fourth Amendment’s probable cause and warrant requirements cannot be invoked where * * * the search is 'undertaken solely to uncover evidence of criminality’ and the underlying regulatory scheme is 'in reality, designed simply to give the police an expedient means of enforcing penal sanctions.’ ” (People v Keta, 79 NY2d 474, 498.) As already noted, however, the officers had other motives besides the gathering of evidence of criminality to justify their actions, viz., the duty to make an appropriate report of the facts of a fatal accident and the concern for public safety. Furthermore, it would stretch the imagination too far to conclude that Vehicle and Traffic Law § 603 was passed simply to give the police an expedient means of enforcing penal sanctions (see, People v Samuel, 29 NY2d 252).