# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3150

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa. |
| Arthur Vesey, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted:   March 12, 2003

Filed:   June 9, 2003

_____

Before WOLLMAN, RICHARD S. ARNOLD, and SMITH, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

A jury convicted Arthur Vesey of distributing cocaine base in violation of 21 U.S.C. § 841. The district court sentenced Vesey to 360 months in prison. Vesey appeals, contending that the district court erred by denying his motions for a continuance and for a new trial. Vesey also argues that the district court erred by admitting lab reports into evidence that described the substance involved in the offense as cocaine base rather than as crack cocaine, and by refusing to instruct the jury on the definition of crack cocaine. We reverse and remand for new trial.

I.

Vesey was indicted and charged with four counts of distributing cocaine base after having been convicted previously of a felony drug offense. Vesey was tried by a jury on March 18, 2002. The district court declared a mistrial after the jury failed to reach a unanimous verdict.

On April 8, 2002, the district court scheduled retrial for April 22, 2002. That same day the government notified Vesey of its intent to call additional witnesses under the provisions of Federal Rule of Evidence 404(b), stating that the new witnesses would testify that they had purchased crack cocaine from Vesey or had witnessed him selling crack cocaine during the time period in which the alleged controlled transactions had occurred. The government also notified Vesey that it would introduce new materials, including cellular phone records, that had not been introduced in the first trial. On April 11, 2002, Vesey filed a motion for continuance, contending that additional time was needed to prepare for trial and to prepare a defense to the new witnesses. The magistrate judge denied the motion on April 15, 2002. Vesey's April 17, 2002, supplemental motion to continue the trial also was denied.

The second trial began on April 23, 2002. Prior to jury selection, the district court denied Vesey's renewed request for a continuance. On April 25, 2002, the jury convicted Vesey on counts 2, 3, and 4 and acquitted him of count 1. Vesey filed a motion for new trial, alleging that he was prejudiced by the district court's denial of the motions for a continuance. Counsel submitted affidavits of the statements of three proposed trial witnesses, who would have been called to rebut the testimony of the government's new witnesses had there been sufficient time to secure their presence in court. The district court denied the motion, finding that the proffered testimony "would have been merely cumulative and impeaching" and would not have resulted in an acquittal.

II.

A.

Vesey contends that the district court erred by denying his motion for a continuance and his motion for a new trial.

We review a denial of a motion for continuance for abuse of discretion. United States v. Allen, 247 F.3d 741, 771 (8th Cir. 2001).

District courts are afforded broad discretion when ruling on requests for continuances. Continuances generally are not favored and should be granted only when the party requesting one has shown a compelling reason. We will reverse a district court's decision to deny a motion for continuance only if the court abused its discretion and the moving party was prejudiced by the denial.

Id. (citing United States v. Controneo, 89 F.3d 510, 514 (8th Cir. 1996) (citations omitted)).

"Abuse of discretion is determined by looking at the particular circumstances of the case." Id. (citing United States v. Ware, 890 F.2d 1008, 1010 (8th Cir. 1989) (citations omitted)). In determining whether the district court abused its discretion by denying the motions for continuance, we consider "whether counsel had sufficient time to prepare for trial; . . . whether counsel's conduct at trial showed that he was well prepared; [and] whether the court's refusal to grant a continuance prejudiced the defendant." United States v. Heine, 920 F.2d 552, 555 (8th Cir. 1990) (per curiam) (citing United States v. Sheehy, 670 F.2d 798, 799 (8th Cir. 1982)).

Vesey's renewed motion for a continuance asserted that he had not had adequate time to prepare to rebut the proposed testimony from the additional

-3-

witnesses regarding transactions distinct from those that were testified to at the first trial. Counsel informed the district court that he had been unable to "get writs out" for two witnesses incarcerated in federal prison or to contact other government witnesses and one potential defense witness. Another defense witness was not available to testify because he was an over-the-road trucker who was out of the state and could not appear at trial on short-notice.

In denying counsel's renewed motion, the district court did not make any findings regarding the merits of counsel's arguments, instead stating,

> This is a difficult situation for both Court and counsel. . . . Unfortunately, this is the only week I have to try this case, and that's, quite frankly, why I left [the earlier motions for the magistrate judge] to decide, because I had no idea how well equipped [the district was] to have other judges try the case if it had to be delayed, and it was my understanding that, in sensing that situation, he felt it was necessary for the case to go today. . . . I appreciate the Government saying this is the Court's call, but, counsel, I apologize, this is the only week I have available . . . to help out up here. . . .

We review the district court's denial of the motion for a new trial for abuse of discretion. United States v. Ross, 279 F.3d 600, 610 (8th Cir. 2000) (citing United States v. Ryan, 153 F.3d 708, 711 (8th Cir. 1998)). A district court may grant a defendant's motion for a new trial if the interests of justice so require. Fed. R. Crim. P. 33; United States v. Parker, 267 F.3d 839, 846 (8th Cir. 2001).

The issue raised in Vesey's motion for new trial was the claim that the denial of a continuance had precluded him from presenting an adequate defense. Appended to Vesey's motion for new trial were affidavits from three prospective defense witnesses that contradicted testimony offered by the government's witnesses at trial. Having considered both the testimony adduced at trial and the post-trial affidavits, we conclude that had counsel been given sufficient time to locate, interview, and

ultimately call the three prospective witnesses, their testimony would not have been cumulative but may very well have affected the outcome of the proceedings. Allowing the trial to proceed primarily because of scheduling concerns (and we are not unmindful of the time constraints under which the district court was laboring) resulted in substantial prejudice to Vesey. In so holding, we recognize full well, as the district court noted in its order denying the motion for new trial, that the government presented a substantial case against Vesey, including audio tapes of two of the transactions charged in the indictment. Nevertheless, the fact that the first jury was unable to reach a unanimous verdict is proof enough that the government's case was not airtight, making it all the more important that Vesey have adequate time to procure and present testimony to rebut the additional evidence that the government felt was necessary to bolster its case against him. Accordingly, we conclude that the district court erred in denying the renewed motion for continuance and the subsequent motion for a new trial.

B.

Vesey contends that the district court erred by admitting laboratory reports into evidence. Vesey argues that because the reports described the substance allegedly involved in the controlled drug transactions as an "off-white substance identified as cocaine base," the reports should have been inadmissible, as the statute prohibits the distribution of crack cocaine, not cocaine base. We review the district court's decision to admit evidence for abuse of discretion. United States v. Franks, 939 F.2d 600, 602 (8th Cir. 1991).

Vesey was prosecuted and sentenced for distributing cocaine base in violation of 21 U.S.C. § 841. The statute prescribes a mandatory minimum sentence for a person who has distributed "50 grams or more of a mixture or substance . . . which contains cocaine base." 21 U.S.C. § 841(b)(1)(iii). Although the statute distinguishes between cocaine and cocaine base, see United States v. Crawford, 83 F.3d 964, 966

-5-

(8th Cir. 1996), it does not distinguish between subtypes of cocaine base or state explicitly that it applies only to "crack" cocaine, see United States v. Booker, 70 F.3d 488, 489 (7th Cir. 1995).

An amendment to the United States Sentencing Guidelines, effective November 1993, defines "cocaine base" as "crack." Booker, 70 F.3d at 489 (citing U.S.S.G. § 2D1.1; U.S.S.G. App. C, Amendment 487). Although "crack" technically is one form of "freebase cocaine," it is the predominant form and that which the statute intended to proscribe. Id. at 492. The statute and our case law use the more generic term "cocaine base" synonymously with the term "crack." See generally United States v. Johnson, 318 F.3d 821 (8th Cir. 2003); United States v. White, 81 F.3d 80 (8th Cir. 1996). Accordingly, the district court did not abuse its discretion by admitting the lab report.

We find Vesey's remaining argument to be without merit.

The judgment is reversed, and the case is remanded for a new trial.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.