# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 06-1314

———————

United States of America,

        Appellee,

v.

Mario Ramirez-Beltran,

        Appellant.

\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   District of Nebraska.
\*
\*   [UNPUBLISHED]
\*

———————

Submitted: May 3, 2007
Filed: May 8, 2007

———————

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Mario Ramirez-Beltran (Beltran) appeals the 120-month sentence imposed by the district court[1] upon his guilty plea, entered pursuant to a written plea agreement, to one count of conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1) and 846. His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), arguing that (1) Beltran's 120-month sentence is unreasonable under 18 U.S.C. § 3553(a), and (2) the

———————

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

district court abused its discretion in granting the government's motion for a continuance of the sentencing hearing. Counsel also moves to withdraw.

We hold that Beltran waived his right to challenge the reasonableness of his sentence on appeal because the guilty plea transcript shows that he knowingly and voluntarily entered into his plea agreement and an appeal waiver contained therein, because the challenge to his sentence falls within the scope of the appeal waiver, and because enforcement of the waiver does not result in a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003) (en banc) (defendant can enter into plea agreement that waives appellate rights; such waivers are enforceable if appeal falls within scope of waiver, both waiver and plea agreement were entered into knowingly and voluntarily, and waiver does not result in miscarriage of justice).

Liberally construing Beltran's challenge to the sentencing-hearing continuance as an issue outside the scope of the appeal waiver, we hold that the court did not abuse its discretion in granting the continuance. Cf. United States v. Vesey, 330 F.3d 1070, 1071-72 (8th Cir. 2003) (district courts are afforded broad discretion when ruling on requests for continuances, which should be granted only when requesting party has shown compelling reason; in reviewing denial of motion to continue trial, considerations include whether counsel had sufficient time to prepare, whether counsel was prepared, and whether denial of continuance resulted in prejudice).

Finally, upon our independent review of the record under Penson v. Ohio, 488 U.S. 75, 80 (1988), we conclude that there are no non-frivolous issues for appeal. Therefore, counsel's motion to withdraw is granted, and the judgment of the district court is affirmed.

_____