STATE OF HAWAI`I, Plaintiff-Appellee,
v.
ROBERT A. CANENCIA, Defendant-Appellant.
No. 29345.
Intermediate Court of Appeals of Hawaii.
September 30, 2009.
On the briefs:
Craig W. Jerome, Deputy Public Defender, for Defendant-Appellant.
Brian R. Vincent, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

MEMORANDUM OPINION
WATANABE, Presiding Judge, FOLEY and FUJISE, JJ.

I.
Defendant-Appellant Robert A. Canencia (Canencia) appeals from the amended judgment entered by the Circuit Court of the First Circuit (circuit court) on September 15, 2008,[1] convicting and sentencing him for one count of Assault in the Third Degree, in violation of Hawaii Revised Statutes (HRS) § 707-712(1)(a) (1993). At trial, three witnesses including complaining witness Dean Watanabe (Watanabe) testified that Canencia hit Watanabe during a fight between two families. Canencia testified that he did not hit anyone.
Canencia raises two issues on appeal. First, Canencia argues the circuit court erred in denying Canencia's motion to dismiss based on Hawai`i Rules of Penal Procedure (HRPP) Rule 48 (Rule 48 Motion). We conclude that the circuit court did not err in denying Canencia's Rule 48 Motion and, accordingly, we affirm the order denying Canencia's Rule 48 Motion entered on August 5, 2008. Canencia also maintains the circuit court committed an abuse of discretion by denying Canencia's motion to continue to obtain the presence of a witness. We agree with Canencia that, under the circumstances presented, it was an abuse of discretion for the circuit court to deny his motion to continue the trial in order to obtain the presence of a percipient witness who would provide exculpatory testimony,

II.
The standard applied to the review of an order denying an HRPP Rule 48 motion to dismiss is the clearly erroneous standard for the circuit court's findings of fact and the right/wrong standard for the circuit court's determination of whether or not a period of time is excludable. State v. Diaz, 100 Hawai`i 210, 216-17, 58 P.3d 1257, 1263-64 (2002).
An order denying a motion to continue is reviewed for an abuse of discretion. State v. Mara, 98 Hawai`i 1, 10, 41 P. 3d 157, 166 (2002); State v. Mark, 120 Hawai`i 499, 515, 210 P.3d 22, 38 (App. 2009).

III.

A.
HRPP Rule 48(b)(1) provides that a court, on motion of a defendant, shall dismiss charges against the defendant, "with or without prejudice in its discretion, if trial is not commenced within 6 months . . . from the date of arrest if bail is set or from the filing of the charge, whichever is sooner" subject to the exclusion of certain periods of time enumerated in HRPP Rule 48(c) and (d).
Canencia was arrested, posted bail, and was released on September 8, 2007. On September 28, 2007, Canencia was charged in the District Court of the First Circuit (district court) and referred to the Office of the Public Defender for the appointment of counsel. On November 2, 2007, Canencia appeared in district court with counsel, but requested a continuance to decide whether or not to waive his right to a trial by jury. On November 5, 2007, Canencia entered a not guilty plea and waived his right to a jury. On December 21, 2007, the day trial was scheduled, Canencia orally moved to withdraw his waiver of his right to a trial by jury. The district court granted the motion to withdraw the waiver and committed the matter to the circuit court. The commitment to circuit court was filed on December 24, 2007.
Canencia's first appearance in circuit court was on January 7, 2008 and on that date trial was scheduled for March 3, 2008, A series of continuances either requested or agreed to by Canencia delayed the trial from March 3, 2008 to May 27, 2008. On May 27, 2008, the trial was delayed again due to court congestion and was reset for June 23, 2008. Two more continuances requested by Canencia delayed trial to August 5, 2008.[2]
On appeal, Canencia challenges the exclusion of the period from his first appearance without counsel in district court on September 28, 2007 to November 2, 2007. We disagree. The period of delay attributable to the appointment of counsel is excludable.
It is well established that a period of time in which the defendant is not represented by counsel is an excludable period. See State v. Samonte, 83 Hawai`i 507, 515-16, 928 P.2d 1, 9-10 (1996); State v. Senteno, 69 Haw. 363, 368, 742 P.2d 369, 373 (1987); HRPP Rule 48(d)(1). Canencia was without counsel at his first appearance on September 28, 2007. The district court could not proceed to taking Canencia's plea and if Canencia pleaded not guilty, to setting a trial date, while Canencia was not represented by counsel and had not waived his right to counsel. Consequently, the district court had no choice but to defer the case for the appointment of counsel, which began with the referral of Canencia to the Public Defender. Canencia did not object to the delay of proceedings and referral to the Public Defender. Periods of delay excludable from the six-month time limit include "periods that delay the commencement of trial and are caused by a continuance granted at the request or with the consent of the defendant or defendant's counsel." HRPP Rule 48(c)(3). People v. Jaswinder, 632 N.Y.S.2d 923, 925 (N. Y. Crim. Ct. 1995) (excluding time of adjournment from first appearance to appearance with private counsel) and Commonwealth v. Manley, 469 A.2d 1042, 1044 (Pa. 1983) (where accused appears for court proceeding without counsel and without waiving his right to counsel, the period of delay is excludable because the accused is unavailable for trial).
Excluding the period from September 28, 2007 to November 2, 2007, the non-excludable time between Canencia's arrest and trial was less than six months and therefore the circuit court properly denied Canencia's Rule 48 Motion.

B.
The circuit court committed an abuse of discretion when it denied Canencia's motion to continue. Canencia had issued a subpoena for Peter Simmons (Simmons) on May 5, 2008, May 30, 2008, June 30, 2008, and August 5, 2008.[3] The August 5, 2007 subpoena was for Simmons's appearance on August 6, 2008 at 1:30. Canencia also listed Simmons on his August 5, 2008 witness list. On August 6, 2008, the only witness presented by the defense was Canencia. After Canencia completed his testimony, the defense rested, but noted that it intended to make a record regarding the failure of Simmons to testify.
After the jury was excused for the day, defense counsel made the following offer in support of Canencia's request for a continuance to obtain the presence of Simmons: (1) Simmons would testify that he did witness the incident and he did not see Canencia hit anyone; (2) Simmons had appeared in court on three prior occasions for this trial; and (3) defense counsel had spoken with Simmons that day at approximately 1:05 p.m., telling him his testimony would be needed at approximately 1:30 p.m. and Simmons had stated that he was on his way. At approximately 2:00 p.m., the court held a conference and was informed that Simmons had still not arrived. Defense counsel also learned that Simmons had taken a bus that day. The circuit court ruled that trial would proceed at 2:15.
The circuit court denied the request for a continuance to Thursday morning.
It is now 3:15 in the afternoon. It is more than two hours past or just about two hours past, and there is still no indication of where Mr. Simmons might be and why he is not present in court to testify as required to be by the defense.
Under these circumstances, the Court cannot grant the request that there be a continuance until tomorrow morning. We do not have a courtroom on Fridays. I'm not able to take any testimony on Friday, and tomorrow is reserved for closing argument, instructions on the law, and jury deliberations. Although it's possible for the jury to continue with their deliberations on Friday, nonetheless the Court is of the view that defense has been given ample time to procure its witness. And while the defense cannot explain the absence of the witness, the Court cannot afford the defense any further time, this case having been set for trial  firm set for trial a long time ago and the Court having waited patiently for Mr. Simmons to appear at 1:30 this afternoon. And at this point there's still no indication of why he is not here or even where he is.
In State v. Mara, 98 Hawai`i 1, 41 P.3d 157 (2002), the Hawai`i Supreme Court held that, in the absence of a showing of material prejudice to the defendant, the circuit court's denial of a motion to continue for the defendant to obtain evidence was not an abuse of discretion. Mara, 98 Hawai`i at 14, 41 P. 3d at 170. In Mara, a self-defense case, the defendant learned during trial that a police officer had spoken to a number of people who had said they had seen firearms in the victim's trunk. Id. at 8, 41 P.3d at 164. However, none of the potential witnesses had been willing to identify themselves to the police or to give a formal statement. The circuit court ordered the prosecuting attorney and the police to assist defense counsel, but declined to delay the trial. Id. at 8-9, 41 P.3d at 164-65. The defendant asked for a continuance but the circuit court denied the request, ruling that "Mara had not shown that the witness sought was available and willing to testify or that the denial of a continuance would materially prejudice Mara." Id. at 9, 41 P.3d at 165.
The Federal courts employ similar tests. In U.S. v. Ashton, 555 F. 3d 1015 (D.C. Cir. 2009), the court of appeals held that the trial court should consider the following factors:
(1) the defendant's diligence in attempting to secure the evidence before trial; (2) the length of the requested continuance and the associated burden on the government; and (3) the likelihood the evidence will be favorable and relevant to the defense.
Ashton, 555 F.3d at 1020. Similarly, in U.S. v. Vesey, 330 F.3d 1070 (8th Cir. 2003), the diligence of defense counsel, the sufficiency of the time provided to counsel, and the prejudice to the defendant in the event the request for continuance is denied were all considered. Vesey, 330 F.3d at 1072-73. In U.S. v. Olaniyi-Oke, 199 F.3d 767 (5th Cir. 1999), the court of appeals employed the following test:
When a continuance is requested based on the unavailability of a witness, the party seeking a continuance must demonstrate (1) that due diligence was exercised to obtain the attendance of the witness; (2) that the witness would tender substantial favorable evidence; (3) that the witness will be available and willing to testify; and (4) that denial of the continuance would materially prejudice the movant.
Olaniyi-Oke, 199 F.3d at 771.
In this case, Canencia appears to have adequately addressed all of the criteria for a continuance regardless of the formulation that is applied. Defense counsel was diligent in her efforts to secure the presence of the witness including direct contact with the witness on the day he was to appear in court. Simmons had appeared in court for trial previously, had told defense counsel that day that he was on his way and therefore there was no indication in the record that Simmons was a reluctant witness. The representation of defense counsel that Simmons would have testified that he witnessed the incident and he did not see Canencia hit anyone was undisputed. The evidence Simmons had to offer was clearly favorable to Canencia and, as his only corroborative witness, was material to Canencia's defense. On the other hand, the inconvenience to the circuit court and the prosecution would have been minimal. Canencia requested a continuance only to the following morning which the circuit court had scheduled for instructions and closing arguments. The State did not identify any prejudice it would suffer if the continuance was granted.
Under the circumstances of this case, it was an abuse of discretion for the circuit court to deny Canencia's motion to continue the trial to the following morning.
Accordingly, we vacate the judgment entered by the Circuit Court of the First Circuit on June 13, 2007 and remand this case to the circuit court for proceedings consistent with this opinion.
NOTES
[1] The Honorable Reynaldo D. Graulty presided.
[2] The "Order Granting Defendant's Oral Motion to Continue" identifies the new trial date as August 4, 2008, however the trial actually started on August 5, and the State used August 5 as the trial date in its memorandum in opposition to Canencia's motion to dismiss.
[3] Only the May 30, 2008 subpoena commanding Simmons to appear for the June 23, 2008 trial date contains a completed return of service acknowledging service on Simmons.