# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3283

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| | * | |
| Lorenzo Markey Cook, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 10, 2010
Filed: May 13, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Lorenzo Cook pleaded guilty to conspiring to distribute at least 5 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B). The district court[1] denied his motion for a continuance of sentencing until Congress acted on pending legislation, and, declining to vary downward, sentenced him at the bottom of the applicable Guidelines range to 92 months in prison. Cook appeals. His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967),

_____

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

arguing that the court abused its discretion in denying a continuance and a variance, and that the sentence is unreasonable because it is greater than necessary.

We hold that the court committed no procedural error in sentencing Cook, imposed a substantively reasonable sentence, and did not abuse its discretion in declining to vary downward. See Gall v. United States, 552 U.S. 38, 51 (2007) (in reviewing sentence, appellate court first ensures that district court committed no significant procedural error, then considers substantive reasonableness of sentence under abuse-of-discretion standard; if sentence is within Guidelines range, appellate court may apply presumption of reasonableness); United States v. Haack, 403 F.3d 997, 1004 (8th Cir. 2005) (describing abuse of discretion). We also find no abuse of discretion in the denial of a continuance. See United States v. Vesey, 330 F.3d 1070, 1071-72 (8th Cir. 2003) (district courts are afforded broad discretion when ruling on requests for continuances, which should be granted only when requesting party has shown compelling reason).

Reviewing the record under Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw and we affirm.

_____