Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000636
29-DEC-2016
10:53 AM

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---

STATE OF HAWAI'I, Plaintiff-Appellant,
vs.
QUINCY L.F. CHOY FOO, III, Defendant-Appellee,

NO. CAAP-13-0000636

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 12-1-0829)

DECEMBER 29, 2016

NAKAMURA, C.J., and LEONARD and GINOZA, JJ.

OPINION OF THE COURT BY NAKAMURA, C.J.

The question presented in this appeal is whether a delay caused by the referral of Defendant-Appellee Quincy L.F. Choy Foo III (Choy Foo) to the Public Defender's Office, to enable him to seek a court-appointed lawyer, constituted an excludable delay for speedy trial purposes under Hawai'i Rules of Penal Procedure (HRPP) Rule 48 (2000). At Choy Foo's initial arraignment, for which he appeared without counsel, the court referred Choy Foo to the Public Defender's Office and set a new hearing in twenty-one days for Choy Foo to demand or waive his right to a jury trial. We conclude that this twenty-one day

period was an excludable delay under HRPP Rule 48. In particular, we hold that this period was excludable under HRPP Rule 48(c)(1), which excludes "periods that delay the commencement of trial and are caused by collateral or other proceedings concerning the defendant[,]" or alternatively, under HRPP Rule 48(c)(8), which excludes "other periods of delay for good cause." We therefore vacate the dismissal of the charge against Choy Foo by the Circuit Court of the First Circuit (Circuit Court),[1]/ and we remand the case for further proceedings.

BACKGROUND

On February 22, 2012, Plaintiff-Appellant State of Hawaiʻi (State) filed a complaint in the District Court of the First Circuit (District Court) that charged Choy Foo with fourth-degree sexual assault, in violation of Hawaii Revised Statutes (HRS) § 707-733(1)(a) (2014).[2]/ Fourth-degree sexual assault is a misdemeanor that is punishable by imprisonment for up to one year, and Choy Foo was entitled to a jury trial unless he waived that right.

On March 15, 2012, Choy Foo appeared in the District Court for arraignment and plea. He was not represented by counsel. After advising Choy Foo of the maximum penalty for the charged offense, the District Court referred Choy Foo to the Public Defender's Office and directed him to call the office "right away for an appointment." The District Court scheduled a new hearing in three weeks for Choy Foo to demand or waive his right to a jury trial.

---

[1]/ The Honorable Patrick W. Border presided.

[2]/ At the time relevant to this case, HRS § 707-733(1)(a) provided, in relevant part:

> (1) A person commits the offense of sexual assault in the fourth degree if:
>
> > (a) The person knowingly subjects another person to sexual contact by compulsion . . . [.]

On April 5, 2012, Choy Foo appeared before the District Court without counsel. Choy Foo informed the District Court that he had called the Public Defender's Office and they asked him to request a continuance. He also advised the District Court that he had an appointment to see the Public Defender's Office on May 8th. The District Court continued the hearing until a week after May 8th.

On May 15, 2012, Choy Foo appeared before the District Court without counsel. Choy Foo informed the District Court that he had contacted the Public Defender's Office and they wanted him to ask for another continuance because "they stay in training right now[.]" Choy Foo stated that he had an appointment with the Public Defender's Office scheduled for May 22nd. The District Court continued the hearing until May 30, 2012.

On May 30, 2012, Choy Foo appeared before the District Court, and he was represented by a Deputy Public Defender (DPD). Choy Foo, through the DPD, demanded a jury trial. As a result, the District Court committed the matter to the Circuit Court and scheduled the case for arraignment in Circuit Court on June 12, 2012.

On June 12, 2012, Choy Foo, represented by a DPD, appeared in Circuit Court for arraignment and plea. Choy Foo waived oral reading of the charge and entered a not guilty plea. The Circuit Court set the case for trial during the week of July 23, 2012. The Circuit Court subsequently continued the trial date several times, including two continuances at Choy Foo's request and over the State's objection.

On March 11, 2013, Choy Foo filed a "Motion to Dismiss Charges for Violation of HRPP Rule 48" (Motion to Dismiss). Choy Foo argued that based on his calculation, 189 countable days had elapsed from the date he was arrested on the charge to the filing of his motion, thereby exceeding the six-month time period prescribed by HRPP Rule 48 for commencement of the trial. The State filed an opposition to the Motion to Dismiss, arguing that

3

only 168 countable days had elapsed and therefore the speedy trial time limits imposed by HRPP Rule 48 had not been exceeded. The only time period disputed by the parties in their respective HRPP Rule 48 computations was the twenty-one day period between March 15, 2012, and April 5, 2012, which Choy Foo included and the State excluded in calculating the number of countable days that had elapsed.

The Circuit Court held a hearing on Choy Foo's Motion to Dismiss. At the hearing, the parties focused their arguments on whether the twenty-one day period between Choy Foo's initial arraignment in District Court on March 15, 2012, and his next appearance on April 5, 2012 -- a delay to enable Choy Foo to meet with the Public Defender's Office to determine if he qualified for court-appointed counsel -- was excludable under HRPP Rule 48. Choy Foo asserted that in cases of full misdemeanors, where the defendant has a right to a jury trial, the District Court, as a matter of course, will continue the case for three weeks after the defendant's initial appearance for a waiver or demand of jury trial. Choy Foo also asserted that the practice in District Court was to charge this time period to the State. The State agreed that this was the District Court's practice, but argued that this practice was incorrect under the law.

The Circuit Court granted Choy Foo's Motion to Dismiss and dismissed the charge against Choy Foo with prejudice, ruling as follows:

> I'm going to follow the district court practice and find that the period of time before this jury waiver is not excludable and that it counts so that the period between March 15th and April 5th does count against the state, and that 189 days have run, and, therefore, that the -- the Rule 48 has been violated by nine days, and therefore, that the matter is dismissed with prejudice. I do so despite the fact that the nature of the charge is one of the more troubling ones, to say the least, in our culture.

Prior to the Circuit Court's ruling, the parties had not directed their arguments at the hearing to whether any dismissal should be with or without prejudice. After the Circuit Court announced its ruling, the Circuit Court did not permit

4

argument on this issue,[3] despite the State's apparent attempt to present argument:

> [Deputy Prosecuting Attorney (DPA)]:  Your Honor, may I briefly just ask --
>
> THE COURT:  No.  Remember, I get the last word. That's why I gave you guys all the time in the world to argue.
>
> [DPA]:  The only thing I'm challenging is --
>
> THE COURT:  No, no.  Don't challenge anything.
>
> [DPA]:  -- asking you to reconsider is the --
>
> THE COURT:  No, no.  A reconsideration has to be in writing.  You can't do a reconsideration.  See, right now you're just arguing with me.  You disagree and you're arguing.  If you have to do a reconsideration, you do it in writing.
>
> [DPA]:  Your Honor, may you at least hear arguments on whether --
>
> THE COURT:  No.  Hearing arguments -- hearing arguments is reopening the matter.  I get the last word. I've ruled.  If I'm wrong, appeal it.
>
> [DPA]:  Your Honor, it's --
>
> THE COURT:  Please.
>
> [DPA]:  May I --
>
> THE COURT:  We're done.
>
> [Deputy Public Defender]:  Your Honor, just --
>
> (Proceedings concluded.)

On April 5, 2013, the Circuit Court issued its written "Order Granting Defendant's Motion to Dismiss Charges for Violation of HRPP Rule 48" (Dismissal Order).  The Dismissal Order granted Choy Foo's Motion to Dismiss and dismissed the complaint against Choy Foo with prejudice.  The Dismissal Order did not state the Circuit Court's rationale for dismissing the complaint with prejudice.

---

[3] Prior to announcing its ruling, the Circuit Court had stated: "Tell me at that moment when you have reached the end of your arguments, because when you've reached the end, I'm going to rule and then we're done.  I don't want to have any reconsiderations or anything."  Prior to ruling, the Circuit Court also asked, "Is everybody finished?", and both parties said yes.

DISCUSSION

The State appeals from the Dismissal Order.  On appeal, the State argues that the Circuit Court erred in: (1) concluding that the twenty-one day delay caused by Choy Foo's referral to the Public Defender's Office was not excludable delay for speedy trial purposes under HRPP Rule 48; and (2) failing "to articulate and weigh" the factors it is required to consider under State v. Estencion, 63 Haw. 264, 625 P.2d 1040 (1981), in rendering its decision to dismiss the case with prejudice.

Choy Foo concedes that the Circuit Court erred in failing to articulate and weigh the Estencion factors[4] in dismissing the case with prejudice.  He further concedes that this error requires that the Dismissal Order be vacated and the case remanded to allow the Circuit Court to articulate its consideration of the Estencion factors.  We agree with Choy Foo's concession of error.  See State v. Hern, 133 Hawai'i 59, 64, 323 P.3d 1241, 1246 (App. 2013) (holding that "in determining whether to dismiss a charge with or without prejudice under HRPP Rule 48(b), the trial court must not only consider the Estencion factors, but must also clearly articulate the effect of the Estencion factors and any other factor it considered in rendering its decision").  We conclude that, at minimum, the Dismissal Order must be vacated and the case remanded for consideration of the Estension factors and articulation of the necessary findings. Id. at 64-65, 323 P.3d at 1246-47.

We now turn to address the issue disputed by the parties, namely, whether the Circuit Court erred in determining that the speedy trial time limits set forth in HRPP Rule 48 had been violated.  This issue turns on whether the twenty-one day

---

[4] In Estencion, the Hawai'i Supreme Court held that a trial court is required to consider each of the following factors in determining whether to dismiss a case with or without prejudice when the time limits set forth in HRPP Rule 48 have been violated: "[(1)] the seriousness of the offense; [(2)] the facts and the circumstances of the case which led to the dismissal; and [(3)] the impact of a reprosecution on the administration of [HRPP Rule 48] and on the administration of justice."  Estencion, 63 Haw. at 269, 625 P.2d at 1044 (quoting 18 U.S.C. § 3162(a)(2) of the federal Speedy Trial Act).

delay between March 15, 2012, and April 5, 2012, during which Choy Foo was referred to the Public Defender's Office to seek appointed counsel, constituted excludable delay under HRPP Rule 48.[5]  As explained below, we hold that this time period was excludable and that the Circuit Court erred in ruling that HRPP Rule 48 had been violated and in dismissing the charge against Choy Foo.

I.

In his first court appearance in this case, Choy Foo appeared before the District Court for arraignment without a lawyer.  The District Court delayed the proceedings for twenty-one days so that Choy Foo could be referred to the Public Defender's Officer to enable him to seek appointed counsel.

In our criminal justice system, an accused has a fundamental right to be represented by counsel.  As the United States Supreme Court has explained:

> An accused's right to be represented by counsel is a fundamental component of our criminal justice system. Lawyers in criminal cases are necessities, not luxuries. Their presence is essential because they are the means through which the other rights of the person on trial are secured. Without counsel, the right to a trial itself would be of little avail, as this Court has recognized repeatedly. Of all the rights that an accused person has, the right to be represented by counsel is by far the most pervasive for it affects his ability to assert any other rights he may have.

United States v. Cronic, 466 U.S. 648, 653-54 (1984) (internal quotation marks and footnotes omitted).

---

[5] As noted, this twenty-one day period was the only time period between the date of Choy Foo's arrest and the filing of his Motion to Dismiss that the parties did not agree upon in their respective HRPP Rule 48 computations. Choy Foo asserted in his Motion to Dismiss that this twenty-one day period did not constitute excludable delay under HRPP Rule 48, and the State asserted that it did constitute excludable delay in opposing the motion. In his Motion to Dismiss, Choy Foo acknowledged that the time period from April 5, 2012, to June 12, 2012, constituted excludable delay. On April 5, 2012, and May 15, 2012, Choy Foo appeared before the District Court without counsel, informed the District Court that he was attempting to meet with the Public Defender's Office, and reported that they asked him to request a continuance. The District Court continued the hearing on both occasions. On May 30, 2012, Choy Foo, represented by a DPD, appeared before the District Court and demanded a jury trial, which resulted in the District Court committing the matter to the Circuit Court for arraignment on June 12, 2012.

7

The crucial importance of a defendant's right to counsel is exemplified by the fact that the erroneous denial of the right to counsel is one of the few errors that is considered structural error. See United States v. Gonzales-Lopez, 548 U.S. 140, 148-49 (2006). Structural errors "defy analysis by harmless-error standards" and generally require the automatic invalidation of a conviction because they "affect the framework within which the trial proceeds, and are not simply an error in the trial process itself." Id. (internal quotation marks, citation, and brackets omitted). Indeed, "[t]he right to assistance of counsel is so fundamental and essential to a fair trial that it has been absorbed into the due process clause of the Fourteenth Amendment." Wong v. Among, 52 Haw. 420, 423-24, 477 P.2d 630, 633 (1970) (citing Gideon v. Wainwright, 372 U.S. 335 (1963)).

II.

A.

We consider the fundamental importance of the right to counsel in analyzing whether the delay to permit Choy Foo to seek representation by counsel through the Public Defender's Office constituted excludable delay under HRPP Rule 48.

HRPP Rule 48 generally imposes a six-month time limit for a criminal case to be brought to trial. HRPP Rule 48(b) provides, in relevant part:

> Except in the case of traffic offenses that are not punishable by imprisonment, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within six months:
>
> (1) from the date of arrest if bail is set or from the filing of the charge, whichever is sooner, on any offense based on the same conduct or arising from the same criminal episode for which the arrest or charge was made[.]

HRPP Rule 48 further provides that various periods of delay, which are described in HRPP Rule 48(c), shall be excluded in computing the six-month time limit for commencing trial, and it also identifies in HRPP Rule 48(d) certain periods of time that

8

are *per se* excluable or *per se* includable in computing the time for trial commencement.[5]

_____

[5] HRPP Rule 48(c) and (d) provide, in relevant part:

**(c) Excluded periods.** The following periods shall be excluded in computing the time for trial commencement:

(1) periods that delay the commencement of trial and are caused by collateral or other proceedings concerning the defendant, including but not limited to penal irresponsibility examinations and periods during which the defendant is incompetent to stand trial, pretrial motions, interlocutory appeals and trials of other charges;

. . .

(3) periods that delay the commencement of trial and are caused by a continuance granted at the request or with the consent of the defendant or defendant's counsel;

. . .

(5) periods that delay the commencement of trial and are caused by the absence or unavailability of the defendant;

. . . ; and

(8) other periods of delay for good cause.

**(d) Per se excludable and includable periods of time for purposes of subsection (c)(1) of this rule.**

(1) For purposes of subsection (c)(1) of this rule, the period of time, from the filing through the prompt disposition of the following motions filed by a defendant, shall be deemed to be periods of delay resulting from collateral or other proceedings concerning the defendant: motions to dismiss, to suppress, for voluntariness hearing heard before trial, to sever counts or defendants, for disqualification of the prosecutor, for withdrawal of counsel including the time period for appointment of new counsel if so ordered, for mental examination, to continue trial, for transfer to the circuit court, for remand from the circuit court, for change of venue, to secure the attendance of a witness by a material witness order, and to secure the attendance of a witness from without the state.

(2) For purposes of subsection (c)(1) of this rule, the period of time, from the filing through the prompt disposition of the following motions or court papers, shall be deemed not to be excluded in computing the time for trial commencement: notice of alibi, requests/motions for discovery, and motions in limine, for voluntariness hearing heard at trial, for bail reduction, for release pending trial, for bill of particulars, to strike surplusage from the charge, for return of property, for discovery sanctions, for litigation expenses and for depositions.

(3) The criteria provided in section (c) shall be applied to motions that are not listed in subsections (d)(1) and (d)(2) in determining whether the associated periods of time may be excluded in computing the time for trial commencement.

B.

We conclude that the twenty-one day time period at issue in this case was excludable under HRPP Rule 48(c)(1), or alternatively, under HRPP Rule 48(c)(8). HRPP Rule 48(c)(1) excludes from speedy trial computation "periods that delay the commencement of trial and are caused by collateral or other proceedings concerning the defendant, including but not limited to penal irresponsibility examinations and periods during which the defendant is incompetent to stand trial, pretrial motions, interlocutory appeals and trials of other charges[.]" HRPP Rule 48(d)(1) provides that the time period from the filing through the prompt disposition of a motion "for withdrawal of counsel including the time period for appointment of new counsel if so ordered" shall be *per se* excludable as "periods of delay resulting from collateral or other proceedings concerning the defendant" under HRPP Rule (c)(1).

Here, the twenty-one day delay was not caused by a motion for withdrawal of counsel and appointment of new counsel, because Choy Foo had not yet obtained counsel. However, the purpose of the delay was the same as the delay for withdrawal of counsel and appointment of new counsel which is *per se* excludable under HRPP Rule 48(d)(1) -- to ensure that a defendant (Choy Foo) is represented by and has the assistance of counsel. Because the purpose served by the twenty-one day delay in this case is the same as the delay recognized as *per se* excludable under HRPP Rule 48(d)(1), we conclude that the twenty-one day delay to permit Choy Foo to seek counsel through the Public Defender's Office was excludable under HRPP Rule 48(c)(1).

Choy Foo's need for counsel at the outset of this case when the twenty-one day delay occurred would arguably be even greater than that of a defendant who seeks the withdrawal of counsel and appointment of new counsel. A defendant who seeks the withdrawal of counsel and appointment of new counsel would at least have had the assistance of counsel for some period of time,

whereas Choy Foo had not yet been represented by counsel in the case when he was referred to the Public Defender's Office. Choy Foo's case could not proceed to trial until he either obtained counsel or waived the right to counsel. We conclude that the twenty-one day delay in this case was excludable under HRPP Rule 48(c)(1) as a period that delayed "the commencement of trial and [was] caused by collateral or other proceedings concerning the defendant[.]"

C.

Our conclusion that the twenty-one day period is excludable from speedy trial computation is supported by State v. Senteno, 69 Haw. 363, 742 P.2d 369 (1987). In Senteno, the Hawai'i Supreme Court held that a one-month delay attributable to local defense counsel's motion to withdraw as counsel was excludable under HRPP Rule 48(c)(1). Id. at 368, 742 P.2d at 373. The supreme court further held that the nearly five months that the defendant was without local counsel following the grant of the motion to withdraw was also excludable. Id. The supreme court reasoned:

> Because trial could not proceed in the absence of trial counsel or a waiver of the right to counsel, this period was excluded under the "good cause" provision of subsection (c)(8). As a general rule, "good cause" means a substantial reason which affords a legal excuse.

Id. at 368-69, 742 P.2d at 373.

In State v. Canencia, this court, in an unpublished memorandum opinion, held under facts that closely match Choy Foo's situation that the delay caused by the District Court's referral of Canencia to the Public Defender's Office at his initial appearance to seek appointed counsel constituted excludable delay. State v. Canencia, No. 29345, 2009 WL 3151221 (Hawai'i App. Sept. 30, 2009) (mem.). We reasoned:

> It is well established that a period of time in which the defendant is not represented by counsel is an excludable period. See State v. Samonte, 83 Hawai'i 507, 515-16, 928 P.2d 1, 9-10 (1996); State v. Senteno, 69 Haw. 363, 368, 742 P.2d 369, 373 (1987); HRPP Rule 48(d)(1). Canencia was without counsel at his first appearance on September 28,

11

> 2007. The district court could not proceed to taking Canencia's plea and if Canencia pleaded not guilty, to setting a trial date, while Canencia was not represented by counsel and had not waived his right to counsel. Consequently, the district court had no choice but to defer the case for the appointment of counsel, which began with the referral of Canencia to the Public Defender. Canencia did not object to the delay of proceedings and referral to the Public Defender. Periods of delay excludable from the six-month time limit include "periods that delay the commencement of trial and are caused by a continuance granted at the request or with the consent of the defendant or defendant's counsel." HRPP Rule 48(c)(3). People v. Jaswinder, 165 Misc.2d 371, 632 N.Y.S.2d 923, 925 (N. Y. Crim. Ct. 1995) (excluding time of adjournment from first appearance to appearance with private counsel) and Commonwealth v. Manley, 503 Pa. 482, 469 A.2d 1042, 1044 (Pa. 1983) (where accused appears for court proceeding without counsel and without waiving his right to counsel, the period of delay is excludable because the accused is unavailable for trial).

Id. at 2009 WL 3151221, at *2.

Underlying the supreme court's decision in Senteno and our decision in Canencia is the recognition of a defendant's fundamental right to be represented by counsel and the inability of a court to proceed to trial or conduct proceedings affecting a defendant's rights while the defendant is not represented by and has not waived the right to counsel. The reasoning of these cases bolsters our conclusion that the twenty-one day period during which Choy Foo was referred to the Public Defender's Officer was excludable under HRPP Rule 48(c)(1).

### III.

Alternatively, we conclude that the twenty-one day period was excludable under HRPP Rule 48(c)(8) as a "period[] of delay for good cause." "HRPP Rule 48(c) does not give any guidance on what good cause means, but [the Hawai'i Supreme Court] has held that the good cause provision 'is provided to take care of unanticipated circumstances' and that good cause means 'a substantial reason that affords legal excuse[.]'" State v. Abregano, 136 Hawai'i 489, 497, 363 P.3d 838, 846 (2015) (citations omitted).

In Senteno, the supreme court held that a nearly five-month period that the defendant was without local counsel after

his prior local counsel was permitted to withdraw was excludable under the "good cause" provision of HRPP Rule 48(c)(8). Senteno, 69 Haw. at 368, 742 P.2d at 373.[2] The supreme court reasoned that "[b]ecause trial could not proceed in the absence of trial counsel or a waiver of the right to counsel, this period was excluded under the 'good cause' provision of subsection (c)(8)." Id.

Choy Foo argues that Senteno is distinguishable because the defendant in Senteno was unrepresented by counsel as a result of the trial court's permitting his counsel to withdraw whereas Choy Foo had not previously been represented by counsel. We fail to see how this distinction defeats the existence of good cause in this case. Both the defendant in Senteno and Choy Foo were not represented by counsel during the time period at issue. As a result, trial in both cases "could not proceed in the absence of trial counsel or a waiver of counsel," which was the supreme court's basis for finding good cause for the delay in Senteno.

Choy Foo also attempts to distinguish Senteno by arguing that the twenty-one day delay in this case was not an "unanticipated" circumstance because the twenty-one day continuance was a common occurrence in District Court. We disagree. The District Court does not know whether a defendant will appear without counsel or will be in need of court-appointed counsel until the defendant makes his or her first appearance in court. Thus, the District Court is unable to take steps to address the defendant's need for representation by counsel until the defendant appears in court. Even if it is a common occurrence for defendants in general to make their first appearance in District Court without a lawyer, that does not mean that the District Court can anticipate in advance that a particular defendant will appear without counsel and avoid that occurrence in a particular case. Accordingly, we conclude that

---

[2] In Senteno, co-defendants George Steven Senteno and Frank Peter Gallegos (Gallegos) appealed their convictions. Only Gallegos raised a claim under HRPP Rule 48. Senteno, 69 Haw. at 364, 368, 742 P.2d at 370, 373.

Choy Foo's appearance without counsel was an unanticipated circumstance and that the twenty-one day delay to afford him the opportunity to seek counsel through the Public Defender's Office was a period of delay for "good cause" under HRPP Rule 48(c)(8).

CONCLUSION

Based on the foregoing, we conclude that the speedy trial time limits of HRPP Rule 48 were not violated in this case. We vacate the Circuit Court's Dismissal Order and remand the case for further proceedings consistent with this Opinion.

On the briefs:

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellant

Tyler I. Gomes
Deputy Public Defender
for Defendant-Appellee