STATE OF HAWAII, Plaintiff-Appellee, *v.* CHRISTINA MARIE MARSH, also known as Christopher Dean Marsh, Defendant-Appellant

NO. 11243

CRIMINAL NO. 85-0628

DECEMBER 12, 1986

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND
INTERMEDIATE COURT OF APPEALS ASSOCIATE JUDGE
WALTER M. HEEN IN PLACE OF ASSOCIATE JUSTICE
JAMES H. WAKATSUKI, EXCUSED

OPINION OF THE COURT BY LUM, C.J.

This is an appeal from a robbery conviction. During closing remarks, the prosecutor expressed her personal opinion concerning Defendant's guilt and the credibility of the defense witnesses. We hold that the prosecutor's remarks constituted misconduct which deprived Defendant of a fair trial, and reverse.[1]

---

[1]Since we have concluded that the prosecutor's misconduct requires reversal, we find it unnecessary to discuss the remaining issue raised.

I.

A jury convicted Marsh of robbery in the second degree in violation of Hawaii Revised Statutes (HRS) § 708-841(1)(a). The State's case rested primarily on the testimony of the victim, Leroy Ing. Marsh denied committing the robbery and asserted an alibi defense. Four defense witnesses testified that Marsh had been in the Pantheon Bar at the time of the crime.

Marsh contends the prosecutor's closing remarks were improper closing argument which substantially prejudiced her right to a fair trial.

During summation regarding Marsh's guilt, the prosecutor repeatedly stated her personal opinion: "Ladies and gentlemen, I feel it is very clear and I hope you are convinced, too, that the person who committed this crime was none other than Christina Marsh." And later: "I'm sure she committed the crime." Referring to Marsh's testimony, the prosecutor stated: "Use your common sense, ladies and gentlemen. That is not true. It's another lie. It's a lie, ladies and gentlemen, an out-and-out lie." Regarding the alibi witnesses' credibility, the prosecutor said: "You should entirely disregard their testimony because, if you will remember, every one of them lied on the stand. . . . I sincerely doubt if she [witness] had seen Christina Marsh there." Of another witness' testimony, the prosecutor stated: "I find that awfully hard to believe." The prosecutor expressed on at least nine occasions her belief that defense witnesses had lied.

Hawaii Code of Professional Responsibility DR 7-106(C)(4) provides in part:

> In appearing in his professional capacity before a tribunal, a lawyer shall not . . . [a]ssert his personal opinion as to the justness of a cause, as to the credibility of a witness, . . . or as to the guilt or innocence of an accused; but he may argue, on his analysis of the evidence, for any position or conclusion with respect to the matters stated herein.

Prosecutors are similarly bound to refrain from expressing their personal views as to a defendant's guilt or credibility of witnesses. *United States v. Young,* 470 U.S. 1 (1985); ABA Standards for Criminal Justice, Standard 3-5.8 (1980).

The rationale for the rule is that "[e]xpressions of personal opinion by the prosecutor are a form of unsworn, unchecked testimony and tend to exploit the influence of the prosecutor's office and undermine the objective detachment that should separate a lawyer from the cause being

argued." ABA Standards for Criminal Justice, Commentary, at 3.89. The Supreme Court has observed that a prosecuting attorney's "improper suggestions, insinuations, and especially, assertions of personal knowledge are apt to carry much weight against the accused when they should properly carry none." *Berger v. United States*, 295 U.S. 78, 88 (1935).

However, our finding that the prosecutor's comments were improper does not end the inquiry. Since defense counsel did not object to the prosecutor's remarks, we must determine whether the prosecutor's misconduct constituted plain error which affected substantial rights of the defendant. Hawaii Rules of Penal Procedure, Rule 52(b).

We think the prosecutor's improper comments, taken as a whole, substantially prejudiced Marsh's right to a fair trial. The pivotal issue was the credibility of the witnesses. The jury had to decide whether to believe the victim or the alibi witnesses. We cannot conclude beyond a reasonable doubt that the prosecutor's remarks had little likelihood of influencing this critical choice. *See United States v. Garza*, 608 F.2d 659 (5th Cir. 1979). *Cf. State v. Churchill*, 4 Haw. App. 276, 664 P.2d 757 (1983).

We cannot accept the State's argument that the prejudicial impact of the remarks was rendered harmless by the trial court's instructions to the jury. The effect of the prosecutor's prejudicial conduct here overcomes the presumption that the court's instructions to the jury rendered it harmless. *Cf. State v. Kahalewai*, 55 Haw. 127, 129, 516 P.2d 336, 338 (1973). The trial court instructed the jurors several times that the arguments of counsel are not evidence. However, the court was not requested to and did not issue a specific instruction concerning the prosecutor's closing comments.[2]

In light of the inconclusive evidence against Marsh, the particularly egregious misconduct of the prosecutor in presenting her personal views on the dispositive issues, and the lack of a prompt jury instruction specifically directed to the prosecutor's closing remarks, we hold that the prosecutor's conduct so prejudiced Marsh's right to a fair trial as to amount to "plain error." The conviction is reversed and the case is

---

[2] It should be noted that the trial judge has an obligation in the interests of fairness and justice to stop the prosecutor from delivering a greatly prejudicial argument *sua sponte*. *See Viereck v. United States*, 318 U.S. 236 (1943).

662

remanded for a new trial.

*Deborah L. Kim (Susan Barr* with her on the briefs) Deputy Public Defenders for Defendant-Appellant.

*George H. Yamamoto,* Deputy Prosecuting Attorney for Plaintiff-Appellee.