LAW LIBRARY

**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

NO. 28388

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
EVE CRESPO, Defendant-Appellant

K. HAMAKADO CLERK APPELLATE COURTS STATE OF HAWAIʻI

2010 JUN 17 AM 8:34

FILED

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-CR. No. 06-1-2123)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Defendant-Appellant Eve Crespo (Crespo) appeals from the January 12, 2007 judgment of the Family Court of the First Circuit (family court)[1] that found her guilty of Harassment, under Hawaii Revised Statutes (HRS) § 711-1106(1)(a) (Supp. 2006).

On October 6, 2006, Crespo was charged by complaint with Harassment[2] of her husband (Husband). At the time of the incident on October 4, 2006, the two were getting a divorce. The couple had argued earlier in the day and Crespo left the apartment around 5 p.m. Husband claims that Crespo hit him in the evening as he slept.

Crespo argues on appeal that: (1) the court's findings of facts and conclusions of law numbered 6, 7, 8, 9 and 12 were not supported by the testimony or the evidence produced at trial and (2) the court erred in rejecting Crespo's alibi defense when the State failed to present credible evidence negating the defense.

After careful review of the issues raised, the arguments made by the parties, the applicable law as well as the

---

[1] The Honorable Gregg Young presided.

[2] Under HRS § 711-1106, "[a] person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person . . . [s]trikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact[.]"

record of the proceedings before the family court, we resolve Crespo's points on appeal as follows:

1. The family court's findings of fact were not clearly erroneous because the record shows there is substantial evidence to support the findings. State v. Locquiao, 100 Hawai'i 195, 203, 58 P.3d 1242, 1250 (2002). "The testimony of a single witness, if found credible by the trier of fact, may constitute substantial evidence to support a conviction." State v. Montgomery, 103 Hawai'i 373, 381, 82 P.3d 818, 826 (App. 2003).

Finding No. 7 is supported by Husband's testimony that he saw Crespo between ten and fifteen feet away from him after he was hit and that she was the only other person in the apartment. Husband's testimony also provides substantial evidence for finding No. 8 that he "woke up and asked [Crespo] why she hit him." Finding No. 9, that Husband "felt pain as a result of being hit by [Crespo]," is supported by Husband's testimony that he was in pain after being struck on the head and the reasonable inference from his testimony that it was Crespo who hit him. Therefore, the family court's findings were not clearly erroneous.

The family court's conclusion that "at the time she punched [Husband, Crespo] did so with the intent to harass, annoy, or alarm" is supported by sufficient evidence. "Given the difficulty of proving the requisite state of mind by direct evidence in criminal cases, proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient." State v. Agard, 113 Hawai'i 321, 324, 151 P.3d 802, 805 (2007) (internal quotation marks and citation omitted). Because the court reasonably found that Crespo hit Husband while he was sleeping and in a manner strong enough to cause pain, the family court could infer that she intended to "harass, annoy, or alarm" him. Therefore, the family court's conclusion that Crespo committed the crime of harassment was not erroneous.

2

Crespo also challenges finding No. 7 on the basis that Husband did not testify that he was hit on the top of his head. The precise location of the hit is inconsequential. Finding No. 6, that Crespo "returned to the residence while Defendant [sic] was asleep on the couch in the living room[,]" was admittedly a typographic error. In light of the entire record, errors in findings No. 6 and 7 were harmless. See State v. Propios, 76 Hawai'i 474, 486, 879 P.2d 1057, 1069 (1994) (erroneous finding of fact was harmless error).

2. The family court did not err by "rejecting" Crespo's alibi defense based on the credibility of the witnesses. Although Crespo claims the family court "rejected" her alibi defense, the record shows that witnesses testified supporting and contradicting Crespo's alibi. Given the conflicting testimony in this case, the judge "had to decide whether to believe the victim or the alibi witnesses." State v. Marsh, 68 Haw. 659, 661, 728 P.2d 1301, 1302 (1986). It is apparent that the family court believed Husband to be more credible than Crespo and her alibi witness. "The appellate court will neither reconcile conflicting evidence nor interfere with the decision of the trier of fact based on the witnesses' credibility or the weight of the evidence." State v. Medeiros, 80 Hawai'i 251, 262, 909 P.2d 579, 590 (App. 1995).

Therefore,

IT IS HEREBY ORDERED that the January 12, 2007 judgment of Family Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, June 17, 2010.

On the briefs:

Leland B.T. Look,
for Defendant-Appellant.

Daniel H. Shimizu,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge