**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000412
17-DEC-2025
07:57 AM
Dkt. 78 SO

NO. CAAP-23-0000412

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
IKAIKA PUA AREN AHINA, also known as AREN AHINA,
Defendant-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CASE NO. 2CPC-22-0000398(3))

SUMMARY DISPOSITION ORDER
(By: Nakasone, Chief Judge, McCullen and Guidry, JJ.)

Defendant-Appellant Ikaika Pua Aren Ahina (**Ahina**)
appeals from the Circuit Court of the Second Circuit's (**Circuit
Court**)[1] June 1, 2023 "**Amended** Judgment; Conviction and
Probation Sentence; Terms and Conditions of Probation; Notice of
Entry" (**Judgment**), entered after a jury convicted him as charged
of three counts of second-degree criminal property damage, and
he was given a probation sentence. We affirm.

---

[1] The Honorable Kelsey T. Kawano presided.

On appeal, Ahina raises three points of error, contending that: **(1)** the Circuit Court erred by admitting Maui Police Department (**MPD**) officer Zachary Kamaka's (**Officer Kamaka**) identification testimony without a Hawaiʻi Rules of Evidence (**HRE**) Rule 104 hearing;[2] **(2)** the Circuit Court erred by failing to give an eyewitness jury instruction; and **(3)** Plaintiff-Appellee State of Hawaiʻi (**State**) committed prosecutorial misconduct in closing argument.[3]

Upon review of the record on appeal and relevant legal authorities, giving due consideration to the issues raised and arguments advanced by the parties, we resolve the contentions as follows.

The charges stemmed from three incidents that occurred on October 28, November 9, and December 25, 2019 at Stillwell's Bakery in Wailuku, Maui, involving an individual throwing rocks at the windows of the bakery. The three incidents were caught on surveillance video. Following each of the incidents, the owner called the police. In the November 9, 2019 incident, Officer Kamaka was the responding officer; in the December 25, 2019 incident, MPD detective Gregg Katayama (**Detective Katayama**) was the responding officer.

The surveillance system videos of all three incidents were provided to the police, admitted into evidence at trial,

---

[2]    HRE Rule 104 deals with preliminary questions of admissibility of evidence that a trial court must determine. "'Preliminary questions,' in rule 104 parlance, are issues concerning foundation facts upon which the admissibility of evidentiary items depends." Addison M. Bowman, *Hawaii Rules of Evidence Manual* § 104-1 at 1-13 (2024-25 ed.). The litigation of such "foundation facts" is governed by HRE Rules 103 and 104(a), which "suppl[y] the substance and procedure for rulings on 'the admissibility of evidence.'" Id.

[3]    We have restated Ahina's points for clarity.

and published to the jury as State's Exhibit 5. Still images of the video footage were also admitted.

The October 28, 2019 video showed an individual wearing a black t-shirt, tan shorts, and a backpack throwing a rock at the bakery's windows. There was no clear image of the individual's face.

The November 9, 2019 video depicted an individual carrying a rock, throwing the rock to crack the window of the bakery, and walking away. The individual in the video was wearing a tank top and shorts, had dark hair, no facial hair, no glasses, and carried a backpack. No lower back tattoo was visible.

The December 25, 2019 video showed an individual wearing a tank top and shorts with dark hair, no facial hair, no glasses, and a backpack. No lower back tattoo was visible. The individual is depicted picking up a rock and throwing it at the bakery windows, but the rock did not appear to cause any cracks in the glass. After briefly looking back and noticing no damage, the individual is shown walking away but later returning to throw the rock at the window a second time. In the video, the individual appears to be grinning, or smiling.

Officer Kamaka testified that on November 10, 2019, he was sent to Stillwell's Bakery regarding a rock-throwing incident. Officer Kamaka watched security camera footage from the night before, November 9, 2019, and recognized the individual in the video as Ahina, who was his "substitute teacher from high school." The State played the November 9, 2019 video and the December 25, 2019 video in open court, and Officer Kamaka identified Ahina as the individual in both videos. Officer Kamaka identified physical features that made Ahina recognizable, such as his height, his "droopy" face, and

"bulg[ing]" eyes.  Officer Kamaka remembered Ahina from high school because of an incident where Ahina talked about a tattoo on his lower back and pulled up his shirt to reveal it.  Officer Kamaka also stated that he had encountered Ahina on two occasions after Officer Kamaka graduated from high school, at a drum circle at Little Beach in Kihei, and at Triangles, an area with multiple shops and bars.  Officer Kamaka described the interactions as casual and occurring while he was off-duty, and testified that he had said "hi" to Ahina on both occasions.

Detective Katayama testified that he went to Stillwell's Bakery on December 26, 2019 to follow up on a criminal property damage case.  Detective Katayama spoke with Ahina on the phone and Ahina subsequently voluntarily came to the Wailuku police station, where he was arrested that day.  Detective Katayama also testified, without defense objection, that the window breaking stopped after Ahina was arrested.  Detective Katayama testified regarding Ahina's physical appearance at the time of arrest, stating that Ahina "had hair," was "clean shaven[,]" and "was not wearing glasses."

**(1)** It appears that Ahina contends that the Circuit Court "should have had a HRE 104 hearing" regarding Officer Kamaka's "ability to discern who the person was in the video" and "ability to recall facts of [Ahina] that were outside the charged offense."  Ahina claims that portions of Officer Kamaka's trial testimony "should have been precluded under HRE Rule 403."

Ahina's point of error purports to identify where the error occurred by block-quoting what transpired at a hearing on the first day of trial.  The quote reflects that trial defense

counsel[4] only requested to "clarify" and "raise a potential 104 hearing." At the end of the quoted transcript, the Circuit Court stated that "the oral motion is denied," but it is not clear what "motion" the court is referring to. This block-quoted transcript in the point does not reflect that a motion or request for an HRE Rule 104 hearing was made, denied by the court, and preserved as error. See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4)(ii) and (iii) (requiring point to state "where in the record the alleged error occurred" and "where in the record the alleged error was objected to" or brought to the court's attention). The related argument for this point contains no citations to the record upon which it relies. See HRAP Rule 28(b)(7) (requiring argument to provide citations to "parts of the record relied on"). It does not appear that Ahina provided "the necessary information to identify [his] argument" from the "remaining sections of the brief," including the statement of the case. See Marvin v. Pflueger, 127 Hawaiʻi 490, 496, 280 P.3d 88, 94 (2012).

To the extent Ahina challenges the admission of certain aspects of Officer Kamaka's identification testimony under HRE Rule 403, Ahina does not identify in the point or the argument where the allegedly offending testimony occurred, where it was objected to, and how any claimed HRE Rule 403 errors were preserved. See HRAP Rule 28(b)(4)(ii) and (iii); HRAP Rule 28(b)(4)(A) (requiring "quotation of the grounds urged for the objection and the full substance of the evidence" that was allegedly erroneously admitted); HRE Rule 103 (requiring timely objection to preserve evidentiary error). We do not address this point of error.

---

[4] The record reflects that Ahina was represented at trial by a different defense counsel.

**(2)** Ahina argues that Officer Kamaka's "viewing of the video" and "identification of [Ahina] from that viewing," made Officer Kamaka an eyewitness, and thus, the court should have given eyewitness instructions to the jury.

The Circuit Court refused to provide the requested instruction because "there were no eyewitnesses in this case[.]" Ahina's argument lacks merit because Officer Kamaka was not an eyewitness, where he was not at the scene of the offense and testified to identifying Ahina from surveillance videos shortly after the November incident occurred. The Circuit Court did not err in refusing the eyewitness jury instruction.

**(3)** This point of error consists of transcript block quotes with no accompanying contention except for a header that asks: "In their closing arguments did the prosecutor exceed giving fair comment and responses to legitimate comments on the testimony or did his argument made [sic] to inflame the passions of the jury?" In the argument, Ahina appears to challenge seven statements in the State's closing argument and cites three cases as his supporting legal authority: State v. Sanchez, 82 Hawai'i 517, 923 P.2d 934 (App. 1996); State v. Marsh, 68 Haw. 659, 728 P.2d 1301 (1986); and State v. Basham, 132 Hawai'i 97, 319 P.3d 1105 (2014). Ahina makes conclusory assertions that the "[p]rosecutor bolstered the credibility of Officer Kamaka, was an expression [sic] of the [p]rosecutor's personal view of the credibility of [Officer] Kamaka, along with the other inflammatory statements resulted in prosecutorial misconduct." Ahina presents no argument or analysis explaining how the statements ran afoul of his cited authorities and constituted prosecutorial misconduct. See HRAP Rule 28(b)(7) ("Points not argued may be deemed waived."); Haw. Ventures, LLC v. Otaka, Inc., 114 Hawai'i 438, 480, 164 P.3d 696, 738 (2007) (finding

6

appellants failed to demonstrate error because they did "not point to anything in the record or provide any analysis that would guide th[e] court in determining the validity of their contention").

For the foregoing reasons, we affirm the June 1, 2023 Judgment entered by the Circuit Court of the Second Circuit.

DATED:  Honolulu, Hawaiʻi, December 17, 2025.

On the briefs:

Richard D. Gronna,
for Defendant-Appellant.

Gerald K. Enriques,
Deputy Prosecuting Attorney
County of Maui,
for Plaintiff-Appellee.

/s/ Karen T. Nakasone
Chief Judge

/s/ Sonja M.P. McCullen
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge