**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000540
30-NOV-2020
11:40 AM
Dkt. 110 SO**

NO. CAAP-19-0000540

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


STATE OF HAWAIʻI, Plaintiff-Appellee, v.
MARK CHAR, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1PC161001291)


SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Leonard and Wadsworth, JJ.)

Defendant-Appellant Mark Char (**Char**) appeals from the Judgment of Conviction and Sentence (**Judgment**), entered on July 1, 2019, in the Circuit Court of the First Circuit (**Circuit Court**).[1]  After a jury trial, Char was convicted of:  (1) Attempted Murder in the Second Degree, in violation of Hawaii Revised Statutes (**HRS**) §§ 705-500,[2] 707-701.5,[3] and 706-656;[4]

---

[1]  The Honorable Todd W. Eddins presided.

[2]  HRS § 705-500 (2014) provides:

  **Criminal Attempt.**  (1) A person is guilty of an attempt to commit a crime if the person:

   (a)  Intentionally engages in conduct which would constitute the crime if the attendant circumstances were as the person believes them to be; or

   (b)  Intentionally engages in conduct which, under the circumstances as the person believes them to be, constitutes a substantial step in a course of conduct intended to culminate in the person's commission of the crime.

continue...

(2) Assault in the Second Degree, in violation of HRS §§ 707-711(1)(a) and/or 707-711(1)(b);[5] and (3) Assault in the Third Degree, in violation of HRS §§ 707-712(1)(a) and/or 707-712(1)(b).[6]

---

[2] ...continue

> (2) When causing a particular result is an element of the crime, a person is guilty of an attempt to commit the crime if, acting with the state of mind required to establish liability with respect to the attendant circumstances specified in the definition of the crime, the person intentionally engages in conduct which is a substantial step in a course of conduct intended or known to cause such a result.
>
> (3) Conduct shall not be considered a substantial step under this section unless it is strongly corroborative of the defendant's criminal intent.

[3] HRS § 707-701.5 (2014) provides:

> **Murder in the second degree.** (1) Except as provided in section 707-701, a person commits the offense of murder in the second degree if the person intentionally or knowingly causes the death of another person.
>
> (2) Murder in the second degree is a felony for which the defendant shall be sentenced to imprisonment as provided in section 706-656.

[4] HRS § 707-656 (2014) states, in relevant part:

> **Terms of imprisonment for first and second degree murder and attempted first and second degree murder**. . . .
>
> . . . .
>
> (2) Except as provided in section 706-657, pertaining to enhanced sentence for second degree murder, persons convicted of second degree murder and attempted second degree murder shall be sentenced to life imprisonment with possibility of parole.

[5] HRS § 707-711 (2014) states, in relevant part:

> (1) A person commits the offense of assault in the second degree if:
>
> (a) The person intentionally or knowingly causes substantial bodily injury to another;
>
> (b) The person recklessly causes serious or substantial bodily injury to another[.]

[6] HRS § 707-712 (2014) states, in relevant part:

> (1) A person commits the offense of assault in the third degree if the person:

continue...

2

On appeal, Char contends that: (1) the Circuit Court's jury instruction on the presumption of innocence and reasonable doubt, presented in lieu of Hawaiʻi Pattern Jury Instructions Criminal (**HAWJIC**) 3.02, "was prejudicially insufficient, thus denying Char his constitutional rights to due process and a fair trial"; and (2) the State committed prosecutorial misconduct during its rebuttal closing argument when the Deputy Prosecuting Attorney (**DPA**) posed questions that "clearly and improperly appealed to the jury's sympathy."

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we affirm the Judgment for the reasons set forth below.

## I.  Background

On August 1, 2016, Char was involved in a physical altercation along the H-1 freeway following a traffic incident. He was charged with Attempted Murder in the Second Degree as to Complainant Jesther Marlang (**Marlang**), Assault in the Second Degree as to Complainant Deion Anunciacion (**Anunciacion**), and Assault in the Third Degree as to Complainant Jene Winn (**Winn**). At trial, the State alleged that during the altercation, Char: (1) stabbed Marlang five times, to his abdomen and the side of his body, and sliced the back of Marlang's neck and forearm; (2) stabbed one and sliced the other of Anunciacion's forearms; and (3) sliced two of Winn's fingers. Char claimed he was defending himself against two younger men, Marlang and Anunciacion, who were attacking him.

On March 1, 2019, the jury found Char guilty as charged on all three counts. This appeal followed.

---

[6/]  ...continue
(a)  Intentionally, knowingly, or recklessly causes bodily injury to another person; or

(b)  Negligently causes bodily injury to another person with a dangerous instrument.

## II.  Discussion

### A.    Jury Instruction

Char argues that the Circuit Court erred in substituting its own jury instruction on the presumption of innocence and reasonable doubt for HAWJIC 3.02.

HAWJIC 3.02 states:

**3.02  PRESUMPTION OF INNOCENCE; REASONABLE DOUBT**

You must presume the defendant is innocent of the charge against him/her.  This presumption remains with the defendant throughout the trial of the case, unless and until the prosecution proves the defendant guilty beyond a reasonable doubt.

The presumption of innocence is not a mere slogan but an essential part of the law that is binding upon you.  It places upon the prosecution the duty of proving every material element of the offense charged against the defendant beyond a reasonable doubt.

You must not find the defendant guilty upon mere suspicion or upon evidence which only shows that the defendant is probably guilty.  What the law requires before the defendant can be found guilty is not suspicion, not probabilities, but proof of the defendant's guilt beyond a reasonable doubt.

What is a reasonable doubt?

It is a doubt in your mind about the defendant's guilt which arises from the evidence presented or from the lack of evidence and which is based upon reason and common sense.

Each of you must decide, individually, whether there is or is not such a doubt in your mind after careful and impartial consideration of the evidence.

Be mindful, however, that a doubt which has no basis in the evidence presented, or the lack of evidence, or reasonable inferences therefrom, or a doubt which is based upon imagination, suspicion or mere speculation or guesswork is not a reasonable doubt.

What is proof beyond a reasonable doubt?

If, after consideration of the evidence and the law, you have a reasonable doubt of the defendant's guilt, then the prosecution has not proved the defendant's guilt beyond a reasonable doubt and it is your duty to find the defendant not guilty.

If, after consideration of the evidence and the law, you do not have a reasonable doubt of the defendant's guilt, then the prosecution has proved the defendant's guilt beyond a reasonable doubt and it is your duty to find the defendant guilty.

In lieu of HAWJIC 3.02, the Circuit Court instructed the jury as follows:

It is a cardinal principle of our system of justice that a person accused of a crime is presumed not to have committed the crime. Mark Char is presumed innocent unless you conclude that his guilt has been established beyond a reasonable doubt.

The presumption of innocence requires the prosecution to prove every element of the offenses charged against Mark Char beyond a reasonable doubt. He does not have to prove anything.

The phrase reasonable doubt does not have a technical or complicated meaning. A reasonable doubt is exactly what it is -- a doubt that is reasonable. You must use your common sense and the rational faculties and logical processes of your mind to determine whether you have a doubt that is reasonable. Be mindful that not all doubts are reasonable doubts. A doubt based upon imagination, or mere speculation or guesswork is not a reasonable doubt.

A reasonable doubt is a doubt based on your reason and common sense. It arises from the evidence, or a lack of evidence, or the reasonable inferences that emerge. Through reason you must decide whether your mind is free or not free of a reasonable doubt.

Proof beyond a reasonable doubt is a very high standard for the prosecution to satisfy. However, the prosecution's heavy burden does not mean it must prove the elements of a crime beyond all possible doubt or to an absolute certainty. You must not base your decision on the proposition that anything is possible or nothing is certain.

If, after fair and impartial consideration of all the evidence and the law, you do not have a reasonable doubt of Mark Char's guilt, then the prosecution has proved his guilt beyond a reasonable doubt and it is your duty to find Mark Char guilty.

On the other hand, if, after fair and impartial consideration of all the evidence and the law, you have a reasonable doubt of Mark Char's guilt, then the prosecution has not proved his guilt beyond a reasonable doubt and it is your duty to find Mark Char not guilty.

Char first contends that the Circuit Court's instruction was prejudicially deficient because it omitted the following statement contained in HAWJIC 3.02: "The presumption of innocence is not a mere slogan but an essential part of the law that is binding upon you." Char argues that this statement "highlights that the presumption of innocence is not a phrase to be taken lightly and/or ignored" and was thus "an essential precept that should have been provided to the jury."

The United States Supreme Court has explained that "the Constitution does not require that any particular form of words be used in advising the jury of the government's burden of

proof[,]" so long as "taken as a whole, the instructions . . . correctly convey the concept of reasonable doubt to the jury." <u>Victor v. Nebraska</u>, 511 U.S. 1, 5 (1994) (brackets omitted) (quoting <u>Holland v. United States</u>, 348 U.S. 121, 140 (1954)). Likewise, the Hawaiʻi Supreme Court has stated:  "It is well settled that jury instructions are to be viewed as a whole." <u>State v. Sawyer</u>, 88 Hawaiʻi 325, 335, 966 P.2d 637, 647 (1998) (citing <u>State v. Cullen</u>, 86 Hawaiʻi 1, 8, 946 P.2d 955, 962 (1997)).  The court also has made clear that "the duty to properly instruct the jury lies with the trial court," <u>State v. Nichols</u>, 111 Hawaiʻi 327, 335, 141 P.3d 974, 982 (2006), and deviation from HAWJIC "does not automatically result in incomplete and confusing jury instructions."  <u>Sawyer</u>, 88 Hawaiʻi at 335, 966 P.2d at 647 (rejecting the defendant's argument that "deviation from HAWJIC is prejudicial *per se*" and noting "[t]he introduction to the instructions clearly states that 'nothing herein shall be construed as an approval by the Supreme Court of the State of Hawaiʻi of the substance of any of said instructions.'" (brackets omitted) (quoting HAWJIC (1991))).

Here, the Circuit Court explained its use of alternative instructions in lieu of HAWJIC, as follows:

> I have modified or revised the Hawaii standard jury instructions.  In my view a lot of the standard jury instructions are stale.  They are unhelpful phrases, misleading comparisons.  There's a lack of consolidation, there's redundancy.  So I have attempted to craft jury instructions that are more easily understandable to the jury that will better aid the jury in their understanding of the law.

Viewing the Circuit Court's instructions as a whole, we conclude that they correctly conveyed the concepts of the presumption of innocence and reasonable doubt, and sufficiently conveyed the importance of these concepts. <u>See</u> <u>Sawyer</u>, 88 Hawaiʻi at 335, 966 P.2d at 647.  For example, the instruction at issue included the following language:  "It is a cardinal principle of our system of justice that a person accused of a crime is presumed not to have committed the crime.  Mark Char is presumed innocent unless you conclude that his guilt has been established beyond a reasonable doubt."  Additionally, the court

instructed the jurors:  "The presumption of innocence requires the prosecution to prove every element of the offenses charged against Mark Char beyond a reasonable doubt.  He does not have to prove anything."  Likewise, the court instructed:  "Proof beyond a reasonable doubt is a very high standard for the prosecution to satisfy."  Viewed as a whole, the court's instructions were not "prejudicially insufficient, erroneous, inconsistent, or misleading."  State v. Matuu, 144 Hawaiʻi 510, 516, 445 P.3d 91, 97 (2019) (quoting State v. Kassebeer, 118 Hawaiʻi 493, 504, 193 P.3d 409, 420 (2008)).

Char next contends that the challenged instruction was misleading because, in its last two sentences, the "'guilty' instruction comes before the 'not guilty' instruction."  Char notes that in contrast, HAWJIC 3.2 "gives the 'not guilty" instruction before the 'guilty instruction.'"  Char argues that by "[p]lacing the 'guilty' instruction first," the challenged instruction is "subliminally misleading and leans towards the presumption of guilt and not the presumption of innocence."

Char does not cite any Hawaiʻi authority to support his argument, and we have found none.  We note, however, that a number of courts in other jurisdictions have rejected similar claims regarding the order in which "guilty" and "not guilty" have appeared on verdict forms.  See, e.g., Rowland v. State, 829 S.E.2d 81, 89 (Ga. 2019) ("Nor did the order in which 'guilty' and 'not guilty' were listed on the verdict form, when viewed in light of the rest of the court's instructions, mislead the jury."); Commonwealth v. Pi Delta Psi, Inc., 211 A.3d 875, 888 Pa. Super.), appeal denied, 221 A.3d 644 (Pa. 2019) (concluding that a verdict slip that listed "Guilty" before "Not Guilty" "did not infringe upon the [defendant's] right of presumed innocence" and, thus, "no Due Process violation occurred, and no appellate relief is due"); State v. Hayes, 462 P.3d 1195, 1207 (Kan. Ct. App. 2020) ("The district court did not err by placing the guilty option above the not guilty option in the verdict form given to the jury.").

Here, after fully explaining the presumption of innocence and the concept of reasonable doubt, the Circuit Court articulated the circumstances under which the jury had a duty to find Char "guilty," and those under which it had a duty to find him "not guilty." Viewing the instructions as a whole, we conclude that the order of the last two sentences of the challenged instruction was not "prejudicially insufficient, erroneous, inconsistent, or misleading," Matuu, 144 Hawaiʻi at 519, 445 P.3d at 100; nor did the instructions result in "a reasonable possibility that error might have contributed to conviction." State v. Pond, 118 Hawaiʻi 452, 462, 193 P.3d 368, 378 (2008).

## B. Prosecutorial Misconduct

At trial, toward the end of the State's rebuttal argument, the DPA stated:

> You also know it's not self defense because Judy Char does not get out of the red Camaro. What spouse, if they're seeing their spouse or loved one being beaten by two men, isn't going to get out and try to do something? Get out and plead with the attackers to stop, honk the horn, get out, try to flag by some motorists, flag down some motorists.
>
> Or how about she just pulls her cell phone out and calls 911, because the defendant said she had a cell phone to call 911. That makes absolutely no sense, that he's being so -- he's beaten so badly that he's got to pull out a knife and maim these men, but she doesn't call 911. It makes absolutely no sense.
>
> There's two types of people in this case. You have those folks who did nothing. Judy Char. You have other folks who did something. You have a nurse practitioner who bare handed plugged Jesther's hole where his kidney had been sliced off. You had a military man take off his uniform and wrap it around Jesther's injury. You have Kaohu Detwiler trying to desperately keep Jesther from bleeding out on the freeway. Those are the two types of people involved in this case.
>
> And so, you know, when I'm hearing -- and when I'm sitting there and I'm listening to defense counsel trying to think, you know, what -- what can I say to these people? What is going to be the most persuasive thing I can say? For Jesther and Deion, what can I say for these boys?
>
> And then, you know what, I think I realize that there's nothing I really can say, because what I have done in the time we've spent together is I've tried to recreate exactly what happened on August 1st, 2016 for you folks, in this courtroom, with 14 witnesses.

So there's only really two questions left. Are you going to stop and help these boys? Or are you going to just pass on by?

Thank you.

Char contends that the questions, "Are you going to stop and help these boys? Or are you going to just pass on by?" constituted prosecutorial misconduct. He argues that these questions "appealed to the sympathy of the jury" and constituted "a request for them to use their conscience."

When a defendant alleges prosecutorial misconduct, we decide: "(1) whether the conduct was improper; (2) if the conduct was improper, whether the misconduct was harmless beyond a reasonable doubt; and (3) if the misconduct was not harmless, whether the misconduct was so egregious as to bar reprosecution." State v. Udo, 145 Hawaiʻi 519, 534-35, 454 P.3d 460, 475-76 (2019) (citing State v. Maluia, 107 Hawaiʻi 20, 25-26, 108 P.3d 974, 979-80 (2005)); see State v. Tuua, 125 Hawaiʻi 10, 14, 250 P.3d 273, 277 (2011) ("This court evaluates claims of improper statements by prosecutors by first determining whether the statements are improper, and then determining whether the misconduct is harmless." (citing State v. Kiakona, 110 Hawaiʻi 450, 458, 134 P.3d 616, 624 (App. 2006)). Similarly, because Char did not object to the alleged misconduct during trial, "we must determine whether the prosecutor's comment[s] [were] improper and, if so, whether such misconduct constituted plain error that affected [Char's] substantial rights." State v. Clark, 83 Hawaiʻi 289, 304, 926 P.2d 194, 209 (1996) (citing State v. Marsh, 68 Haw. 659, 661, 728 P.2d 1301, 1302 (1986)); see State v. Wakisaka, 102 Hawaiʻi 504, 513, 78 P.3d 317, 326 (2003); HRPP Rule 52(b).

In evaluating whether a prosecutor's conduct was proper, we consider "the nature of the challenged conduct in relation to our criminal justice system generally and the special role of the prosecutor specifically." Udo, 145 Hawaiʻi at 535, 454 P.3d at 476 (quoting State v. Underwood, 142 Hawaiʻi 317, 325, 418 P.3d 658, 666 (2018)). The supreme court has stated:

> [A] prosecutor, during closing argument, is permitted to draw reasonable inferences from the evidence and wide latitude is allowed in discussing the evidence. It is also within the bounds of legitimate argument for prosecutors to state, discuss, and comment on the evidence as well as to draw all reasonable inferences from the evidence.

Clark, 83 Hawaiʻi at 304, 926 P.2d at 209 (citations omitted). In determining whether a prosecutor's statements during closing were improper, we look at the statements in context, considering the argument in its entirety. See State v. Mars, 116 Hawaiʻi 125, 142, 170 P.3d 861, 878 (App. 2007); see also State v. Bruce, 141 Hawaiʻi 397, 407-08 411 P.3d 300, 310-11 (2017)(concluding that, while viewed in a vacuum, the prosecutor's comments during closing argument could be viewed as improper, considered in context, the comments were not improper "because they did not detract from the main point of the otherwise meritorious argument" based on the evidence); State v. Pasene, 144 Hawaiʻi 339, 369, 439 P.3d 864, 894 (2019) ("in context, the DPA's statements entreated the jury to use their life experiences to judge the credibility of the witness' testimony, rather than asking the jury to put themselves in the witnesses' position").

Here, viewed in isolation, the questions at issue can be construed as an appeal to the jury's sympathy. The questions, however, were not posed in isolation. Immediately prior to raising the questions, the State argued against Char's self-defense claim by highlighting the alleged inconsistencies between his testimony and his wife's alleged actions during the incident, and by contrasting those actions with those of the witnesses who stopped to render aid or who contacted the police. The State also referenced its attempt to recreate the incident for the jury through its fourteen witnesses. It was in this context that the State then posed the two questions at issue. Considering the argument in its entirety, we conclude that these questions were not a bald request for sympathy, but, rather, a rhetorical device to urge the jury to reject Char's self-defense claim and to return a guilty verdict based on the evidence presented at trial. In sum, the two questions at issue did not rise to the level of misconduct. See Bruce, 141 Hawaiʻi at 408 411 P.3d at 311.

10

Having reached this conclusion, we need not determine whether the alleged misconduct was harmless beyond a reasonable doubt or so egregious as to bar reprosecution. See State v. Mara, 98 Hawaiʻi 1, 16, 41 P.3d 157, 172 (2002); State v. Roqan, 91 Hawaiʻi 405, 423, 984 P.2d 1231, 1249 (1999). For the same reason, we do not reach the issue of plain error. See Clark, 83 Hawaiʻi at 305, 926 P.2d at 210.

### III. Conclusion

For these reasons, we affirm the Judgment of Conviction and Sentence, entered on July 1, 2019, in the Circuit Court of the First Circuit.

DATED: Honolulu, Hawaiʻi, November 30, 2020.

On the briefs:

Harrison L. Kiehm
for Defendant-Appellant.

Chad M. Kumagai,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge