NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUN 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARK ALAN CHAR,

        Plaintiff - Appellant,

  v.

ANTHONY SMITH, Police Officer, City
and County of Honolulu, in his individual
and official capacity; ASHLEY
STIBBARD, Police Officer, City and
County of Honolulu, in her individual and
official capacity; ALAN LU, Police Officer,
City and County of Honolulu, in his
individual and official capacity; VICTOR
LAU, Police Officer/Detective, City and
County of Honolulu, in his individual and
official capacity,

        Defendants - Appellees.

No. 24-2805

D.C. No. 1:18-cv-00202-HG-RLP

MEMORANDUM*

Appeal from the United States District Court
for the District of Hawaii
Helen W. Gillmor, District Judge, Presiding

Submitted June 18, 2025**

---

     * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     CANBY, S.R. THOMAS, and SUNG, Circuit Judges.

Mark Alan Char, a Hawaii state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging excessive force and related claims arising out of his arrest in June 2016. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Mangiaracina v. Penzone*, 849 F.3d 1191, 1195 (9th Cir. 2017) (dismissal under 28 U.S.C. § 1915A); *Whitaker v. Garcetti*, 486 F.3d 572, 579 (9th Cir. 2007) (dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994)). We vacate and remand.

The district court dismissed Char's action as *Heck*-barred on the basis of Char's convictions for attempted murder in the second degree, assault in the second degree, and assault in the third degree in *State v. Char*, Cr. No. 1PC161001291 (Haw. 1st Cir. Ct.) ("Case 1291").[1] However, these charges arose out of an incident on August 1, 2016. *See State v. Char*, 476 P.3d 773, 2020 WL 7028600, at *2 (Haw. Ct. App. 2020). In this action, Char alleged claims related to his arrest on June 2, 2016, which resulted in charges in a different criminal case for

---

[1] We take judicial notice of the Hawaii state court dockets in *State v. Char*, Cr. No. 1PC161001291 (Haw. 1st Cir. Ct.), and *State v. Char*, Cr. No. 1PC161000903 (Haw. 1st Cir. Ct.). *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (explaining that this court may take notice of state court proceedings if those proceedings have a direct relation to matters at issue).

assault in the second degree and criminal property damage. *See State v. Char*, Cr. No. 1PC161000903 (Haw. 1st Cir. Ct.) ("Case 903"). Char is still awaiting trial in the proceeding arising from his June 2, 2016 arrest.

We are unable to determine, on this record, whether Char's action is *Heck*-barred. Case 903 is ongoing, and nothing in the current record shows how Char's convictions in Case 1291 relate to this action or what factual bases underlie the convictions. *See Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (recognizing that *Heck* applies only when an outstanding criminal conviction already exists; civil proceedings may be stayed while related criminal charges are pending); *Lemos v. County of Sonoma*, 40 F.4th 1002, 1006-07 (9th Cir. 2022) (en banc) (explaining that to "decide whether success on a section 1983 claim would *necessarily* imply the invalidity of a conviction, we must determine which acts formed the basis for the conviction" and analyze whether the § 1983 claim negates an element of the convicted offense). We vacate the judgment and remand for further proceedings.

We reject as unsupported by the record Char's contention that the district court was biased against him.

**VACATED and REMANDED.**